NATIONAL LABOR RELATIONS BOARD, Petitioner, Cross–Respondent,

v.

BESTWAY TRUCKING, INC., Respondent, Cross–Petitioner.

Nos. 93–2482 and 93–2760.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 10, 1994.

Decided April 21, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied May 31, 1994.

Elizabeth Kinney, N.L.R.B., Chicago, IL, Aileen A. Armstrong, Howard E. Perlstein, Joseph J. Jablonski, Jr. (argued), Appellate Court, Enforcement Litigation, Washington, DC, for N.L.R.B.

I. Joel Frockt (argued), Frockt & Klingman, Louisville, KY, for Bestway Trucking, Inc.

Before POSNER, Chief Judge, and ESCHBACH and KANNE, Circuit Judges.

ESCHBACH, Circuit Judge.

The National Labor Relations Board ("NLRB" or "Board") petitions for enforcement of its order against Bestway Trucking, Inc. ("Bestway"). Bestway cross-petitions for review, challenging the Board's finding that it violated sections 8(a)(1) and (3) of the National Labor Relations Act (the "Act"), 29 U.S.C. §§ 158(a)(1) and (3), by discharging or reassigning eight employees. Upon review of the administrative law judge's ("ALJ") comprehensive findings of fact which the NLRB adopted in their entirety and the parties' briefs and oral argument, we find Bestway's arguments to be without merit and accordingly grant the Board's petition for enforcement and deny Bestway's cross-petition for review.

## I.

Bestway, an Indiana corporation with its terminal and office in Jeffersonville, Indiana, hauls freight by truck locally and interstate.[1] In February 1990, pursuant to a petition filed by General Drivers, Warehousemen, and Helpers Local Union No. 89 ("Union"),[2] the NLRB conducted an election among Bestway's employee truck drivers and mechanics. While the employees voted against union representation by a 36–9 vote, the vote did not end union activity at Bestway. In particular, several men employed around the time of the election continued efforts to bring union representation to Bestway.

As a result of Bestway's anti-union response to these organizing efforts, the NLRB General Counsel issued a consolidated complaint alleging violations of sections 8(a)(1) and (3) of the Act based on two sets of charges filed by former Bestway employees. Douglas McDaniel, John Bouchey, and Michael Murphy, each of whom Bestway discharged, filed charges in case 9–CA–28843, and Edward Carney, Jimmie Story, Richard Stump, Donald Walker, and Elijah Pasley, each of whom resigned after Bestway reassigned them, filed charges in case 9–CA–29255. The consolidated complaint alleged that Bestway directly or constructively discharged the eight employees because of their union or protected concerted activities. Additionally, the complaint charged Bestway with discriminating against several of the complaining employees, interrogating and threatening employees, and conducting surveillance of an organizational meeting.

Bestway answered the complaint, admitted to the Board's jurisdiction over the complaint, but denied committing any unfair labor practices as defined by the Act.[3] The

ALJ conducted a hearing on the consolidated complaint and found that Bestway committed numerous violations of sections 8(a)(1) and (3). The Board adopted the ALJ's findings of fact and conclusions of law in their entirety. We have jurisdiction to review the Board's petition for enforcement and Bestway's cross-petition for review under 29 U.S.C. §§ 160(e) and (f).

## II.

### A. *Uncontested Findings*

Bestway does not challenge all of the Board's findings. In particular, Bestway does not contest the Board's finding that it violated section 8(a)(1) by: threatening employees with discharge and unspecified reprisals because of their union or protected activities; telling employees that it would be futile for them to engage in union or protected activities; telling employees that certain named co-workers had been discharged because they were pro-union; informing employees that they received undesirable work assignments because of their protected activities; and telling an employee that Bestway would cease operations and reopen under another name if its employees selected the Union as their collective bargaining agent. Additionally, Bestway also does not challenge the Board's finding that it violated sections 8(a)(1) and (3) when it issued a warning notice to employee Murphy because of his union or protected activities and imposed more onerous employment terms and conditions on Murphy and Carney because of their union or protected activities. Because Bestway does not contest these findings, we summarily affirm and enforce the portion of the Board's order dealing with these section 8(a)(1) and (3) violations. *See, e.g., NLRB v.*

1. We will discuss only the facts relevant to the issues raised before this Court. The NLRB's decision adopting the ALJ's findings of fact and conclusions of law in their entirety provides the complete factual background to this case. *Bestway Trucking, Inc.,* 310 N.L.R.B. 651 (1993).

2. The Union is affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, AFL–CIO.

3. Section 7 of the Act guarantees employees the right to organize and to form, join or assist labor

organizations for the purpose of collective bargaining or other mutual aid or protection. Section 8(a)(1) implements this guarantee by making it an unfair labor practice for an employer to interfere with, restrain or coerce employees in the exercise of their section 7 rights. Additionally, section 8(a)(3) proscribes employer discrimination in regard to the hiring, tenure, terms or conditions of employment taken to encourage or discourage employee membership in a labor organization.

*Jakel Motors, Inc.*, 875 F.2d 644, 645 (7th Cir.1989); *NLRB v. Industrial Erectors, Inc.*, 712 F.2d 1131, 1134 (7th Cir.1983).

### B. *Contested Findings*

■ In addition to the findings discussed above, the Board also concluded that Bestway violated sections 8(a)(1) and (3) by: assigning more onerous work to Bouchey, firing Bouchey, McDaniel, and Murphy outright, and constructively discharging Carney, Pasley, Story, Stump, and Walker by reassigning them, all because of their union or protected activities. Bestway challenges these three conclusions, asserting that the Board's findings are not supported by substantial evidence. We will uphold the Board's determinations if its factual findings are supported by substantial evidence in the record as a whole and its legal conclusions have a reasonable basis in the law. 29 U.S.C. § 160(e); *NLRB v. Augusta Bakery Corp.*, 957 F.2d 1467, 1471 (7th Cir.1992) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)).

■ Bestway's challenge to the first Board finding is that the trucking run assigned to Bouchey was not "onerous." Therefore Bestway contends that its action towards Bouchey was not an unfair labor practice. An employer violates sections 8(a)(1) and (3) when it discriminatorily imposes onerous or burdensome work assignments on employees because of their union activity. The ALJ found that Bestway assigned Bouchey a longer trucking run requiring him to be away from home at night in retaliation for Bouchey's attendance at an organizational meeting. Bestway does not contest the Board's determination of retaliatory motive. Instead, it asserts that the run assigned Bouchey was not "onerous" because Bouchey could have spent a portion of the evening at home and still have timely completed the run. The Board's conclusion that the particular run was more onerous and burdensome than Bouchey's normal assignments is a reasonable factual conclusion supported by the record. Bestway has not provided this Court with any reason to disturb the Board's fact-finding and conclusion on this matter.

■ As for the outright discharges of Bouchey, McDaniel, and Murphy, Bestway argues that the men were fired because they refused work assignments, not because they engaged in protected activity. We agree with the Board that Bestway has failed to rebut the General Counsel's showing of discriminatory discharge. In determining whether a discharge is unlawful under section 8(a)(3) of the Act, the employer's motivation is paramount. *Northern Wire Corp. v. NLRB*, 887 F.2d 1313, 1318 (7th Cir.1989). An employer's motive is determined within the burden-shifting framework approved of in *NLRB v. Transportation Management Corp.*, 462 U.S. 393, 404, 103 S.Ct. 2469, 2475, 76 L.Ed.2d 667 (1983) (established by *Wright Line, a Div. of Wright Line, Inc.*, 251 N.L.R.B. 1083 (1980), *enforced*, 662 F.2d 899 (1st Cir.1981), *cert. denied*, 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982)). Within this framework, once the General Counsel has shown that an employee's union or protected activity was a "motivating factor" in the employer's decision to take adverse action against the employee, the adverse action is unlawful unless the employer demonstrates that it would have taken the same action even in the absence of protected activity. *NLRB v. Transportation Management Corp.*, 462 U.S. at 402–403, 103 S.Ct. at 2474–2475; *NLRB v. Advance Transp. Co.*, 965 F.2d 186, 190 (7th Cir.1992).

Bestway wholly failed to demonstrate that it would have discharged these employees in the absence of their union activity. The General Counsel presented substantial evidence that anti-union animus animated Bestway's discharge of Bouchey, McDaniel, and Murphy and that Bestway's summary dismissal of the employees for refusing to perform a single assignment was inconsistent with its past employment practices. For this reason, we affirm the Board's finding that Bestway violated section 8(a)(3) by discharging Bouchey, McDaniel, and Murphy.

■ And finally, Bestway challenges the Board's finding that it constructively discharged Carney, Stump, Story, Pasley, and Walker by reassigning them to over-the-road

 

driving. Over-the-road trucking runs cover the United States and regularly keep drivers away from the Jeffersonville area for several nights at a time. Before their reassignments, all five drivers had been either local or "Bloomington" drivers.[4] As opposed to over-the-road drivers, local and Bloomington drivers spend nights or most of each night at their homes.

A constructive discharge claim must satisfy two requirements. The employer's conduct must create working conditions so intolerable that an employee is forced to resign and the employer must have acted with the intent to discourage union membership or activity. *NLRB v. Sure–Tan, Inc.*, 672 F.2d 592, 600 (7th Cir.1982), *aff'd in part and rev'd in part on other grounds*, 467 U.S. 883, 104 S.Ct. 2803, 81 L.Ed.2d 732 (1984). Bestway contends that the Board's finding of constructive discharge is not supported by substantial evidence. Initially, Bestway asserts that the reassignments only minimally changed the conditions of employment. In support of its position, Bestway emphasizes that the reassigned drivers would have received comparable pay, cargo loads, and equipment assignments for over-the-road driving.

We cannot agree with Bestway's contention. At the hearing before the ALJ, Bestway did not dispute that over-the-road runs are more difficult and unpleasant than local or Bloomington runs because they require drivers to spend nights on the road and to sleep in their trucks. Additionally, the ALJ found that Bestway had hired all five employees as local or Bloomington drivers and these employees had continued to make known to their Bestway supervisors their preferences for local or Bloomington runs. Bestway knew that these reassignments would force several of the employees with family obligations to quit. In total, the record supports the Board's conclusion that Bestway's actions created intolerable working conditions for the reassigned employees.

Bestway also contends that the General Counsel presented insufficient evidence from which the Board could conclude that it reassigned these five drivers because of their union or protected activities. We disagree. The timing of the drivers' reclassifications, contemporaneous comments made by Bestway management, and the demonstrated falsity of some of the reasons offered by Bestway for its actions, all support the Board's conclusion that Bestway acted with anti-union animus and retaliatory intent when it reclassified the drivers it believed to be union supporters. For these reasons, we affirm and enforce the Board's finding of constructive discharge.

### C. *Bestway's Motion to Sever Cases 9–CA–28843 and 9–CA–29255*

Finally, Bestway challenges the ALJ's denial of its motion to sever cases 9–CA–28843 and 9–CA–29255 for hearing purposes. The challenge is meritless. Bestway concedes that the general conduct of an unfair labor practice hearing is committed to the broad discretion of the Board and its administrative law judges. We will not disturb a decision to consolidate or sever unfair labor practice cases absent a showing of an abuse of discretion. *Barrus Constr. Co. v. NLRB*, 483 F.2d 191, 194–197 (4th Cir.1973).

Here Bestway fails to offer any proof that the ALJ's denial of its severance motion resulted in an unfair hearing or an improper use of evidence. Moreover, the record at the time of Bestway's motion showed that the two cases were intimately related to one another, both in terms of the relevant time period and the alleged unfair labor practices. The Board, by way of the ALJ, properly denied Bestway's motion to sever.

### III.

For the reasons stated above, we DENY REVIEW and ENFORCE the Board's Order in its entirety.

---

**4.** Local drivers take trucking runs covering the 150–mile radius surrounding the Louisville–Jeffersonville area. Bloomington drivers take 90–mile runs between Jeffersonville and the General Electric plant in Bloomington, Indiana twice daily.